IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| HOWARD HOFELICH,<br><br>Plaintiff,<br><br>vs.<br><br>BARBARA LACY, *et al.*,<br><br>Defendants. | CIVIL NO. 14-00037 DKW-RLP<br><br>**ORDER DISMISSING THE CASE WITH PREJUDICE; ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFAULT JUDGMENT; GRANTING DEFENDANT IBARRA'S MOTION TO DISMISS; GRANTING DEFENDANT KRUEGER'S MOTION TO DISMISS, TOGETHER WITH THE ACCOMPANYING JOINDERS; DENYING PLAINTIFF'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING AS MOOT THE MOTION TO VACATE ENTRY OF DEFAULT** |

**ORDER DISMISSING THE CASE WITH PREJUDICE; ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFAULT JUDGMENT; GRANTING DEFENDANT IBARRA'S MOTION TO DISMISS; GRANTING DEFENDANT KRUEGER'S MOTION TO DISMISS, TOGETHER WITH THE ACCOMPANYING JOINDERS; DENYING PLAINTIFF'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING AS MOOT THE MOTION TO VACATE ENTRY OF DEFAULT**

This action represents Hofelich's most recent attempt—in this district and elsewhere—to challenge a California state court judgment entered against him, which was subsequently enforced by a Hawaii state court. In essence, Hofelich asserts that defendants unlawfully enforced the judgment by seizing his vessel through a writ of execution issued by Judge Ibarra of the Circuit Court of the Third Circuit, State of Hawaii.

Hofelich's prior lawsuits in this district have all been dismissed with prejudice because Hofelich seeks review of a state court judgment in federal court, which is barred by the *Rooker-Feldman* doctrine. *See Hofelich v. State of Hawaii, et al.*, CV 07-00489 SOM-KSC, Dkt. No. 63 (D. Haw. Feb. 12, 2008); *Hofelich v. United States, et al.*, CV 08-00550 DAE-KSC, Dkt. No. 43 (D. Haw. May 6, 2009); *Hofelich v. State of Hawaii, et al.*, CV 11-00034 HG-BMK, Dkt. No. 99 (D. Haw. May 25, 2011). In each case, the Ninth Circuit affirmed this Court's dismissal of Hofelich's complaint.

Because the present complaint raises the same challenges that Hofelich has attempted to raise in his previous actions before this Court, Hofelich's claims are again barred by the *Rooker-Feldman* doctrine. Accordingly, the Court dismisses the action with prejudice, and in so doing, adopts the findings and recommendations to deny default judgment, grants Defendant Ibarra's motion to dismiss, grants Defendant Krueger's motion to dismiss, together with the accompanying joinders, denies Hofelich's motion to strike and motion for summary judgment, and denies as moot Defendant Thomas H. Gentry Revocable Trust's motion to vacate entry of default.

## **STANDARD OF REVIEW**

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. In a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the initial burden of proving that subject matter jurisdiction exists. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

## **DISCUSSION**

Defendants Ibarra and Krueger move to dismiss because this action is barred by the *Rooker-Feldman* doctrine. The magistrate judge's findings and recommendations also recommended denial of default judgment because Hofelich's claims were barred by *Rooker-Feldman*. As noted above, this Court has dismissed previous complaints by Hofelich relating to the same challenges he raises here to the California judgment and Hawaii state actions in enforcing and executing on that judgment. Consequently, the Court also dismisses this complaint with prejudice. Despite any argument Hofelich makes in opposition, he is effectively seeking appellate review of the writ of execution approved by Judge Ibarra, which enforced a California judgment against Hofelich, and resulted in the seizure and sale of Hofelich's vessel.

This Court may not exercise appellate jurisdiction over state court decisions. Under the *Rooker-Feldman* doctrine (*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), collectively referred to as *Rooker-Feldman*), "'a losing party in state

court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Bennett v. Yoshina*, 140 F.3d 1218, 1223 (9th Cir. 1998) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)). The *Rooker-Feldman* doctrine divests federal district courts of jurisdiction to conduct direct reviews of state court judgments even when a federal question is presented. Jurisdiction is lacking even if the state court decision is challenged as unconstitutional. Litigants who believe that a state judicial proceeding has violated their constitutional rights must appeal that decision through their state courts and then seek review in the United States Supreme Court.

The Court recognizes that *Rooker-Feldman* does not apply to a constitutional challenge that does not require review of a final state court decision. *See Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). This, however, is not such a case. Here, Hofelich is directly challenging the writ of execution and the underlying judgment, and requesting that this Court review the events surrounding the entry and enforcement of the state court writ, and return his property to him. The Court is without jurisdiction to act upon such a request because it is squarely in violation of *Rooker-Feldman*. Accordingly, the complaint is dismissed without leave to amend because any amendment would be

futile.[1]  See *Hofelich v. State of Hawaii, et al.*, 2011 WL 2117013, at *11 (D. Haw. May 25, 2011); *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) (holding that a district court "does not abuse its discretion in denying leave to amend where amendment would be futile").

## CONCLUSION

The Court hereby dismisses with prejudice this action in its entirety. In so doing, the Court adopts [dkt. no. 46] the findings and recommendations to deny default judgment, grants [dkt. no. 15] Defendant Ibarra's motion to dismiss, grants [dkt. no. 30] Defendant Krueger's motion to dismiss, together with [dkt. nos. 39 and 44] the accompanying joinders, denies [dkt. no. 36] Hofelich's motion to strike and [dkt. no. 52] motion for summary judgment, and denies as moot [dkt.

//         //




//         //




//         //

---

[1] There are other bases for dismissal, including res judicata, the statute of limitations, and immunity, but the Court does reach any of those bases because it lacks jurisdiction to do so.

no. 62] Defendant Thomas H. Gentry Revocable Trust's motion to vacate entry of default. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED: May 21, 2014 at Honolulu, Hawai'i.

Derrick K. Watson
United States District Judge

---

Hofelich v. Lacy, et al.; CV 14-00037 DKW/RLP; ORDER DISMISSING THE CASE WITH PREJUDICE; ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY DEFAULT JUDGMENT; GRANTING DEFENDANT IBARRA'S MOTION TO DISMISS; GRANTING DEFENDANT KRUEGER'S MOTION TO DISMISS, TOGETHER WITH THE ACCOMPANYING JOINDERS; DENYING PLAINTIFF'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; AND DENYING AS MOOT THE MOTION TO VACATE ENTRY OF DEFAULT